[No. 543.   Decided April 30, 1892.]

THE STATE OF WASHINGTON, *on the Relation of Bertha Mc-Laughlin* v. I. J. LICHTENBERG, *as Judge of the Superior Court of King County.*

DECEDENTS' ESTATE—DISPUTED MARRIAGE—ALLOWANCE TO WIDOW PENDING APPEAL.

Where a person claiming to be the widow of a decedent has filed petition asking for the appointment of an administrator, which application has been resisted by the daughter of decedent on the ground that the petitioner was never married to her father, and, from a decision in favor of petitioner, an appeal has been taken to review and determine such question, the superior court has no jurisdiction, pending the appeal, to make an order allowing such person claiming to be the widow anything for her maintenance.

*Original Application for Certiorari.*

*Norman F. Haseltine,* and *John Barnes,* for relator.

*Thompson, Edsen & Humphries,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—One Ruth A. McLaughlin, claiming to be the widow of Hiram C. McLaughlin, deceased, filed a petition asking for the appointment of Frank A. Pontius as administrator of his estate.  The relator, the daughter of deceased, resisted said application and also filed a petition, asking for the appointment of Norman F. Haseltine as administrator.  She denied that said Ruth A. McLaughlin and Hiram C. McLaughlin were ever married to each other, or that she was his widow.  A hearing was had on the rights of the respective parties, upon which the court found the facts as alleged in the petition of said Ruth A. McLaughlin, and appointed the said Frank A. Pontius, as administrator.  An appeal was taken therefrom by the relator to this court, and notice of appeal was given and bond filed staying proceedings in accordance with the provisions of the statute.  Subsequent to the taking of this appeal, upon the petition of the said Ruth A. McLaughlin, the court made an order directing the administrator to pay her the sum of fifty dollars per month for her maintenance pending the proceedings.  The relator applied to this court for a writ of *certiorari* to bring this order up for review, claiming that the court had no jurisdiction to make the same after the appeal had been taken.

The respondent claims that under § 972, Code of Procedure, it is expressly provided that pending the progress of the settlement of an estate the court shall make the necessary allowance for the maintenance of the family, and that under this section the court had jurisdiction to make an allowance to her notwithstanding the appeal from the application to appoint the administrator; that by appealing the cause for the appointment of the administrator to the supreme court, the whole estate was not taken from the superior court, but that the estate remained therein for supervision, and for the superior court to make such or-

ders in the premises as should be proper for the preservation of the estate and for the maintenance of the family, and for the protection of the widow. While this would be true generally, we are of the opinion that in a case like this where the fact in issue is the marriage relationship and where the person claiming to have been the wife of the deceased has, as his widow, filed a petition asking for the appointment of the administrator, and the same has been decided in her favor, and an appeal taken therefrom to review and finally determine this very question, that henceforth pending the appeal the superior court has no jurisdiction to make an order allowing such person claiming to be the widow anything for her maintenance pending the appeal. Otherwise the proceeds of the estate might in some instances thereby become exhausted and the contestant thus be deprived of the fruits of the litigation in this court by a person having no right to the same whatever, and while in some instances this might result in hardship in preventing a person lawfully entitled to the benefits of such a provision from having the same pending the appeal, yet this cannot of itself alter the rule of law in relation thereto.

The order of the superior court directing the payment of this allowance is therefore set aside and held for naught.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.